IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEPHEN ANDRE WOODS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO: 2:24-00467-JB-MU |
| ) | |
| STATE OF ALABAMA, et al. ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Stephen Andre Woods, proceeding without counsel (*pro se*), filed a complaint under 42 U.S.C. § 1983 claiming that he was being held on (unsupported) charges of capital murder and requesting immediate release from the Dallas County Jail. (Doc. 1). This case was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R). Upon review of this action's proceedings, it is **RECOMMENDED** that this action be **DISMISSED without prejudice** for Plaintiff's failure to prosecute and to comply with the Court's order.

By order dated December 26, 2024, the Court informed Woods that his complaint would be construed as a habeas petition pursuant to 28 U.S.C. § 2241 because his claims were direct challenges to his current confinement for pending criminal charges, for which he sought release from jail. (*See* Doc. 3); s*ee also Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 n.1 (11th Cir. 1988) (per curiam) ("Pre-trial habeas petitions ... are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered."). The

Court, however, ordered Woods to refile his claims on the Court's current § 2241 habeas petition form as required by the Local Rules. *See* S.D. Ala. CivLR 9(a) ("All persons applying or petitioning for release from custody under 28 U.S.C. § 2241 or 28 U.S.C. § 2254 . . . must file their application, petition, or motion with the Clerk using forms available from the Court."). The Court also ordered Woods to either pay the $5 filing fee required for filing a habeas petition, *see* 28 U.S.C. § 1914(a), or file a motion to proceed without prepayment of such fees under 28 U.S.C. § 1915. *See* Rule 3(a) of the Rules Governing Section 2254 Cases in the United States District Courts. Woods was ordered to comply with the Court's instructions by January 14, 2025. (*See* Doc. 3 at 3).

The Court warned Woods that failure to comply with the Court's order within the required time would result in the dismissal of this action. (*Id.* at 4). The order and the Court's forms were sent to Woods and have not been returned to the Court by postal officials. To date, Woods has not filed a habeas petition on the Court's form, he has not paid the $5 filing for this action, nor has he completed the form for a motion to proceed without prepayment of fees as ordered. In fact, Woods has not communicated with the Court in any manner.

A "court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." *Equity Lifestyle Prop., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). The court's authority to dismiss an action *sua sponte* for lack of prosecution is considered a fundamental power of the court. *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962). Courts are vested with the inherent authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630-31. Moreover, "Rule 41(b) authorizes a district court to dismiss a

complaint for failure to prosecute or failure to comply with a court order or the federal rules." *Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (internal quotation marks omitted)); a*ccord Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (recognizing the two sources of a court's authority to *sua sponte* dismiss an action are its inherent powers and Rule 41(b) of the Federal Rules of Civil Procedure).

Due to Woods's failure to comply with the Court's order and to prosecute this action, it is **RECOMMENDED** that this action be **DISMISSED without prejudice**, as no lesser sanction will suffice to address Woods's willful conduct. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (dismissal for disregarding an order after a litigant has been forewarned is generally not an abuse of discretion), *cert. denied*, 493 U.S. 863 (1989); *see Frith v. Curry*, 812 F. App'x 933, 934-35 (11th Cir. 2020) (affirming an action's dismissal when an inmate, who had been warned that failure to comply would result in his action's dismissal for failure to prosecute, did not respond to the court's order and did not pay the partial filing fee even though he filed his signed consent form); *Freeze v. Sec'y, Dep't of Children & Families*, 825 F. App'x 606, 610 (11th Cir. 2020) (affirming the dismissal without prejudice of the complaint for failure to follow court orders to amend his complaint).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

72(b); S.D.ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **13th** day of **February, 2025**.

/s/ P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**